IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| GREGORY L. CANNON | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv71 |
| HARLEY LAPPIN, ET AL. | § | |

### MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Gregory L. Cannon, an inmate formerly at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought the above-styled action against Harley Lappin, the United States of America, and Warden Fox.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends plaintiff's motion to temporary restraining order be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes plaintiff's objections are without merit. Plaintiff's transfer from the Federal Correctional Complex in Beaumont, Texas to another institution out of state renders his claims for injunctive relief moot. *See Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991). Any suggestion of relief based on the possibility of a

transfer back to Beaumont is too speculative to warrant relief. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Finally, assuming, *arguendo*, plaintiff's injunctive relief was not rendered moot by his transfer, plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies, a mandatory requirement for an action challenging prison conditions. Thus, plaintiff has failed to show there is a substantial likelihood he will prevail on the merits. *See Sugarbusters v. Brennan*, 177 F.3d 258, 265 (5th Cir. 1999); *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991); *Clark v. Prichard*, 812 F.2d 991 (5th Cir. 1987); *Canal Authority of the State of Florida v. Calloway*, 489 F.2d 567 (5th Cir. 1974). Relief should be granted only if the party seeking relief has clearly carried the burden of persuasion as to all four elements required for injunctive relief. *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63 (5th Cir. 1990); *Mississippi Power & Light v. United Gas Pipe Line*, 760 F.2d 618 (5th Cir. 1985).

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. It is therefore

**ORDERED** that plaintiff's motion for injunctive relief is **DENIED**.

So **ORDERED** and **SIGNED** this **8** day of **August, 2008.**

_____
Ron Clark, United States District Judge